ORTIZ, PETITIONER, *v.* TEXIDOR, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the Judge of the District Court of San Juan, Section 1.

No. 243.—Decided March 8, 1919.

CAUSE OF ACTION—REMEDIES—PLEADING.—Causes of action are clearly distinguishable from the remedial rights to which they give rise, and the same cause of action may give rise to several remedial rights. A complaint may, without stating more than one independent cause of action, require a determination of various matters as incidental to the principal relief demanded and will be regarded as stating but one cause of action although it may pray for different and varying forms of relief, where they are all germane to the vindication of a single primary right. Thus, in a suit for specific performance of a contract to convey land the complaint states but a single cause of action, although it seeks both specific performance of the contract and a recovery for rents and profits.

ID.—ID.—ID.—PARTIES—JOINDER OF CAUSES OF ACTION.—A multiplication of parties does not necessarily increase the number of causes of action, and a complaint may state but a single cause of action although it affects a number of

persons, either as plaintiffs or as defendants, or may affect distinct parcels of land separately owned by different persons. This is particularly true in actions of an equitable nature which require a working out and adjustment of the rights and liabilities of a number of persons, and the exercise of different forms of equitable power and the granting of different forms of relief, it being proper in such actions to join as parties all persons interested, and unnecessary that they should be affected in the same manner or to the same extent.

The facts are stated in the opinion.

*Mr. José R. F. Savage* for the petitioner.

*Messrs. J.* and *M. Tous Soto* for the intervenors.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The amended complaint herein alleged in substance that Antonio Manjón who resides in Barcelona, Spain, is the owner of a certain parcel of land; that on April 26, 1917, plaintiff by letter offered to purchase the said property together with the unharvested crop of coffee thereon for the sum of $9,000 payable $4,000 in cash, the balance to be secured by mortgage, or in the alternative, to lease the property at $700 per annum; that in a letter dated in Barcelona on June 9, 1917, Manjón accepted plaintiff's proposition in a modified form as to payment, specifying $5,000 in cash, the remaining $4,000 to be paid in four years with interest at 6 per cent, and referred plaintiff to Teodoro Moscoso as agent and attorney in fact of Manjón with power to execute the deed; that by letter dated July 2, 1917, plaintiff accepted the above modification of his original proposition and informed Manjón that Moscoso had been notified; that immediately on receipt of the letter of June 9 and on or about June 25, 1917, plaintiff notified Moscoso by mail that plaintiff had accepted the proposition of Manjón and that plaintiff was ready to carry out the agreement, and demanded execution of the deed; that this notice was repeated on July 6, 1917; that on July 7, Moscoso replied that he could not execute the deed for want of instructions from Manjón; that on July 13, plaintiff cabled Manjón accepting the conditions of sale and requesting that he direct by cable the execution

of the deed; that on July 18, 1917, plaintiff wrote Manjón confirming the letter of July 2 and the cable of the 13th and informing him of the statement made by his agent, also that plaintiff was being prejudiced by loss of the fruits of the property which were being gathered by a third person, and finally demanding immediate instructions for the execution of the deed; that Manjón was in possession of the said property which was also occupied by defendants Fernández and Cartagena who claimed some interest in the fruits of the said property for which reason they were made parties defendant; that in July, 1917, plaintiff notified the said defendants Fernández and Cartagena that the property had been sold to plaintiff by the owner thereof, defendant Manjón; that in July, 1918, when plaintiff accepted the conditions of sale proposed by defendant Manjón there was on the property an ungathered crop of coffee worth $3,000, more or less, as well as timber, charcoal and minor crops amounting to a value of more than $500; that since July, 1917, defendants Fernández and Cartagena have harvested the said crops, claiming to be the owners thereof, and have cut a large amount of timber on the said property and finally have so far abandoned the said property that the same has diminished in value; that plaintiff on July 2, 1917, and at all times thereafter, had been and was still ready, willing and prepared to carry out the purchase of the said property in accordance with the terms agreed upon with defendant Manjón, and that up to the time of filing the complaint it had been impossible to obtain from defendant Manjón, or from his agent and attorney in fact Moscoso, the conveyance of the said property.

The prayer was for judgment obliging defendant Manjón, or his agent and attorney in fact Moscoso in his name, to execute in favor of plaintiff a deed to the said property, together with appurtenances, for the price and subject to the conditions agreed upon and providing that in the event of

failure to execute such conveyance within a period to be fixed by the court, the said deed be executed by the marshal thereof, the $5,000, or such part thereof as the court might order, to be paid by plaintiff in cash on execution of the said deed, and in the latter event to be deposited in the office of the clerk, and obliging said defendant Manjón likewise to pay to plaintiff the amount of rents and profits produced by the said property from and after the date of consummation of the agreement of sale until the deed of conveyance be executed, together with damages for the injury done to the said property since July 13, 1917, and expenses, costs and attorney fees, all of said sums to be deducted from the purchase price of $9,000, and obliging defendants Manjón, Moscoso, Fernández and Cartagena, upon execution of the deed of conveyance, to deliver to plaintiff the said property together with its appurtenances, including all coffee gathered on the said property from and after July 13, 1917, up to the time of judgment, and granting to plaintiff such other relief as might be just and equitable in the premises and to which plaintiff might be entitled.

The original complaint, in addition to the matters above mentioned, alleged on information and belief that defendant Fernández was negotiating with defendant Manjón for a conveyance of the said property to the said Fernández and that if defendant Fernández should obtain such deed plaintiff would be defrauded irreparably of his purchase, inasmuch as Manjón had no property in Porto Rico other than that described in the complaint; and prayed for a writ of injunction restraining defendants Moscoso, as agent and attorney in fact of Manjón, and Fernández from executing such deed of conveyance, and defendants Fernández and Cartagena from disposing of the coffee gathered or to be gathered from the said property subsequently to July 13, 1917; and from cutting timber or wood on the said property, or from

disposing thereof, or of any other produce until the rendition of final judgment.

Defendants, on the theory of an accumulation of three distinct causes of action, to wit, one against Manjón for the execution of a deed; another against Manjón and Moscoso enjoining the alienation of the property, and a third against all four defendants for damages, moved that plaintiff be required to file a new complaint stating separately these so-called distinct causes of action, and it was so ordered.

The order striking the amended complaint from the files for failure to comply with the previous order of the court recited that the amended pleading is substantially the same as the original, save for the elimination of the prayer for injunction, together with the facts relied on in this regard, and that the same still sets up three distinct causes of action, to wit, one against Manjón for specific performance of his agreement to sell, another against Moscoso to compel execution of a deed, and a third against all of the defendants for delivery of possession.

The cases of *McCarty* v. *Fremont*, 23 Calif. 196; *Haskell* v. *Haskell*, 54 Calif. 262; *Baldwin* v. *Ellis*, 68 Calif. 495, and *Hopkins* v. *Costa County*, 106 Calif. 566, cited by the Court below in support of this ruling, are not in point.

Plaintiff's action is based on his alleged contractual right to the ownership and possession of the real estate in question, and on the alleged invasion of that right by defendants; The district judge apparently confused the idea of parties and of remedies with the question of what constitutes a cause of action as distinguished from several distinct causes of action.

"By a joinder of actions, or more properly a joinder of causes of action is meant the uniting of two or more demands or rights of action in one action; the statement of more than one cause of action in a declaration. * * * The manner in which the causes so joined must be stated is a different matter, and a question of pleading.

Joinder of causes is also a question distinct from that of joinder of parties, and the one does not necessarily involve the other; * * *

"The question of joinder of causes of action involves in particular cases a preliminary inquiry as to whether two or more causes of action are stated, for obviously there can be no question of misjoinder of causes if the complaint states but a single cause of action, or no cause of action at all; but if it be determined that there are two or more distinct causes of action stated, it then becomes necessary to determine whether they are of such character as may properly be joined in the same action. * * *

"The test of whether more than one cause of action is stated in a complaint is whether there is more than one distinct primary right or subject of controversy presented for enforcement or adjudication, and not whether there are different kinds of relief prayed or objects sought. In applying this test it is to be observed that, without giving rise to more than one cause of action, plaintiff's primary right and defendants infringement thereof, which taken together constitute the cause of action, may each be very complicated, and may involve a number of subordinate rights or incidental matters. In determining this question regard should be had to the substance rather than to the form of the complaint, for a complaint may in fact state different causes of action, although they are stated in the form of one, or it may state but one cause of action, although it is stated in the form of several. In doubtful cases it may be proper to consider the form of the complaint, or the relief demanded or object sought, but neither is controlling. * * *

"In accordance with the principles above stated, if the facts alleged in a declaration, complaint, or petition show but one distinct primary right on the part of plaintiff, and one delict or wrong on the part of defendant involving that right, there is but one cause of action stated. This is true, although incidental matters are alleged in connection with the primary right which render other parties than the main defendants proper or necessary to the litigation, or although facts are stated which, while germane to the primary purpose of the action, might constitute independent grounds of relief; and where a single transaction is relied on, the complaint does not necessarily state two causes of action, because the facts alleged may show a liability both in contract and tort. It is not necessary that the wrong shall consist of a single act, or that the resulting injuries consist of but a single element; and the amount sought to be recovered may be made up of several items. * * * *

"While sometimes confounded, causes of action, properly speaking, are clearly distinguishable from the remedial rights to which they give rise; and since the relief demanded is no part of the cause of action, and the same cause of action may give rise to several remedial rights, the question as to whether one or more causes of action are stated is not to be determined from whether different kinds of relief are prayed for or different objects sought. A complaint may, without stating more than one independent cause of action, require a determination of various matters as incidental to the principal relief demanded, particularly in actions of an equitable nature. A complaint will therefore be regarded as stating but one cause of action, although it may pray for different forms of relief, where they are all germane to the vindication of a single primary right, and although the consideration and control of the claims of different persons, or the exercise of different forms of equitable power, are deemed necessary to accomplish the main purpose, and are invoked, or generally, where the complaint has one main object and the different forms of relief demanded are merely incidental thereto. * * *

"In a suit for specific performance of a contract to convey land the complaint states but a single cause of action, although it seeks both specific performance of the contract and, as incidental, thereto, a recovery for rents and profits.

*     *     *     *     *     *     *

"A multiplication of parties does not necessarily increase the number of causes of action, and a complaint may state but a single cause of action, although it affects a number of persons, either as plaintiffs, or as defendants, or may affect several distinct parcels of land separately owned by different persons. This is particularly true in actions of an equitable nature which require a working out and adjustment of the rights and liabilities of a number of persons, and the exercise -of different forms of equitable power, and the granting of different forms of relief, it being proper in such actions to join as parties all persons interested, and unnecessary that they should be affected in the same manner or to the same extent. * * *"
1 C. J. p. 1055 et seq.

The order of the District Court of November 8, 1918, striking the amended complaint from the files, and an order

of the 12th of December, 1918, quashing the attachment for want of a complaint to sustain the same, must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.